## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND, | ) ) NO.: 16-CV-9547 |
| Plaintiff, | ) ) ) JUDGE: |
| vs. | ) ) |
| LOUIS P. GIANNINI d/b/a MIDWEST AEROSPACE, LTD., an Individual, and MIDWEST AEROSPACE, LTD., an Illinois Corporation, | ) MAG. JUDGE: ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND (the "PENSION FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of Defendants LOUIS P. GIANNINI d/b/a MIDWEST AEROSPACE, LTD. ("GIANNINI") and MIDWEST AEROSPACE, LTD. ("MIDWEST"), and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), and as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. § 1001 *et seq*. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132, 1145 and 1451(c).

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND is administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions

1

giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Board of Trustees of the PENSION FUND, is authorized to administer the PENSION FUND which receives contributions from numerous employers and is a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1302(a)(3).

4. The Board of Trustees of the PENSION FUND is the plan sponsor of the PENSION FUND within the meaning of 29 U.S.C. § 1301(a)(10)(A).

5. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the PENSION FUND is authorized to bring this action on behalf of the PENSION FUND, its participants and beneficiaries for the purpose of collecting withdrawal liability.

6. Defendant MIDWEST is a dissolved Illinois corporation with its principal place of business in Lemont, Illinois and is an employer for purposes of determining and assessing withdrawal liability under 29 U.S.C. § 1002(5).

7. Defendant GIANNINI is an individual residing in the state of Illinois and is the President of the Defendant MIDWEST.

## COUNT I - 
## CLAIM FOR WITHDRAWAL LIABILITY

8. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. MIDWEST was signatory to a collective bargaining agreement ("CBA") with the Automobile Mechanics' Local Union No. 701 ("Union"), which required it to submit contributions to the PENSION FUND on behalf of its employees working in covered employment.

10. Effective June 30, 2016, MIDWEST withdrew union recognition and allowed its CBA with the Union to terminate.

11. As a result, effective June 30, 2016, Defendant MIDWEST ceased to have an obligation to contribute to the PENSION FUND.

12. The PENSION FUND determined that on or about June 30, 2016, MIDWEST sustained a "complete withdrawal" from the PENSION FUND within the meaning of 29 U.S.C. § 1383.

13. In July 2016, the Plaintiff's actuary *estimated* that MIDWEST incurred withdrawal liability to the PENSION FUND in the aggregate amount of $11,836.00 pursuant to 29 U.S.C. § 1392.

14. On July 11, 2016, the PENSION FUND sent a Notice and Demand for Payment of the *Estimated* Withdrawal Liability to MIDWEST in accordance with 29 U.S.C. § 1399. (A copy of the Demand for Payment of *Estimated* Withdrawal Liability is attached as Exhibit 1).

15. The Notice and Demand for Payment of the *Estimated* Withdrawal Liability enclosed a payment schedule in accordance with 29 U.S.C. § 1399, pursuant to which MIDWEST was required to pay one (1) quarterly payment in the amount of $6,018.00 on August 1, 2016 followed by one final payment in the amount of $5,818.00 on or before November 1, 2016. (Exhibit 1).

16. MIDWEST failed to submit payment of the August 1, 2016 installment.

17. On August 2, 2016, Plaintiff's counsel sent a Notice to Cure and Acceleration of Withdrawal Liability to MIDWEST in accordance with 29 U.S.C. § 1399(c)(5)(A). (A

copy of the Notice of Default and Acceleration of Withdrawal Liability is attached as Exhibit 2).

18. In September 2016, the PENION FUND's actuary calculated that MIDWEST incurred *final* withdrawal liability to the PENSION FUND in the aggregate amount of $18,557.00 pursuant to 29 U.S.C. § 1392.

19. On September 27, 2016, the PENSION FUND sent a Notice and Demand for Payment of *Final* Withdrawal Liability to MIDWEST in accordance with 29 U.S.C. § 1399. (A copy of the Demand for Payment of *Final* Withdrawal Liability is attached as Exhibit 3).

20. The Notice and Demand for Payment of the *Final* Withdrawal Liability enclosed a payment schedule in accordance with 29 U.S.C. § 1399, pursuant to which MIDWEST was required to pay three (3) quarterly payment in the amount of $6,018.00, beginning on August 1, 2016 followed by one final payment in the amount of $503.00 on or before May 1, 2017. (Exhibit 3).

21. Sixty (60) days has passed since the Plaintiff's counsel sent a Notice to Cure and Acceleration of Withdrawal Liability to MIDWEST.

22. As of June 30, 2016, GIANNINI directly or indirectly at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of MIDWEST.

23. As of June 30, 2016, GIANNINI personally owned and operated an unincorporated "trade or business," within the meaning of 29 U.S.C. § 1301(b)(1), that consisted of leasing commercial property to MIDWEST.

24. On or about June 30, 2016, MIDWEST and GIANNINI, by way of his leasing operations, were a group of trades or businesses under common control and therefore constituted a

single employer within the meaning of 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

25. GIANNINI, by way of his leasing operations, is a member of the controlled group with MIDWEST and, as such, is jointly and severally liable to the PENSION FUND for the withdrawal liability.

26. The Defendants are the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

27. The Defendants have not submitted a Request for Review of the Withdrawal Liability Assessment to the PENSION FUND pursuant to 29 U.S.C. § 1399(c)(2).

28. The Defendants have not initiated arbitration to challenge the PENSION FUND's withdrawal liability assessment pursuant to 29 U.S.C. § 1401.

29. Pursuant to 29 U.S.C. § 1399(c)(5), the Defendants are required to pay all outstanding withdrawal liability, plus accrued interest on the total outstanding liability from the due date on which the first payment was due if it fails to cure its default.

30. As a result of the Defendants' default of payment, the PENSION FUND accelerated the payment of the full amount of withdrawal liability and the Defendants are now liable for the full amount of the withdrawal liability assessed in the amount of $18,557.00 with interest calculated from August 1, 2016.

31. As a result of the unpaid withdrawal liability, the Defendants are liable for $1,855.70 in liquidated damages.

32. The Plaintiff complied with all conditions precedent in bringing this suit.

33. MIDWEST and GIANNINI are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the CBA, Trust Agreement and 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(e).

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

A. That Judgment be entered in favor of the Plaintiff and against Defendants MIDWEST and GIANNINI, jointly and severally, in the amount of $18,557.00 for unpaid withdrawal liability;

B. That Judgment be entered in favor of the Plaintiff and Defendants MIDWEST and GIANNINI, jointly and severally, for interest calculated from August 1, 2016 through the date of the judgment;

D. That Judgment be entered in favor of the Plaintiff and against Defendants MIDWEST and GIANNINI, jointly and severally, for liquidated damages equaling 10% of the unpaid withdrawal liability or $1,855.70;

E. That Judgment be entered in favor of the Plaintiff and against Defendants MIDWEST and GIANNINI, jointly and severally, for the attorney's fees and costs incurred by the Plaintiff pursuant to the CBA, Trust Agreement and 29 U.S.C. §§ 1132(g)(2)(D), 1145 and 1451(e); and

F. That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND**

/s/ Melinda J. Wetzel – 6314257
One of Plaintiff's Attorneys

Melinda J. Wetzel
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 757-5478
wetzel@johnsonkrol.com